

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

6-5361

in so far as it conflicts.

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-4354
Re: Liability of utilities paying
gross receipts tax under Arti-
cle 7060 for payment of Chain
Store Tax for privilege of
operating stores selling gas
and electric appliances and
parts for the repair thereof
in unincorporated towns of
3,000 or less in population.

This is in answer to your letter of January 23,
1942, in which you say

". . .

"The question has arisen in this Department
as to whether utilities paying gross receipts tax
under Article 7060 shall be required to pay a chain
store tax for the privilege of operating stores
selling gas and electric appliances and parts for
the repair thereof in towns of 3,000 or less in
population where such town is unincorporated.

"As a specific example I submit the following.
Utility Corporation A maintains its office in an
incorporated town (the incorporated town may be
more or less than 3,000 inhabitants). It operates
a store in an unincorporated town of less than
3,000 inhabitants. It also operates another store
in another unincorporated town of more than 3,000,
and also operates a store in an incorporated town
of less than 3,000. Is such utility corporation
exempt from paying the chain store tax on the stores
it operates in these towns?"

Honorable George H. Sheppard, Page 2

It is our opinion that Corporation A would be subject to the Chain Store Tax on all its stores located in unincorporated towns, irrespective of the population under Sec. 5, Art. 1111d, Texas Penal Code, (Sec. 1, Art. 19, Acts 1941, 47th Leg., H. B. No. 8).

Article 7060, R. C. S. of Texas, as amended by Article V of H. B. No. 8, Acts Reg. Ses. of 47th Leg., requires quarterly reports from "each individual, company, corporation or association, owning, operating, managing or controlling any gas, electric light, electric power, or water works, or water and light plant, located within any incorporated town or city in this State, and used for local sale and distribution in said town or city and charging for such gas, electric lights, etc." showing the gross amount received for such business done in each such incorporated town or city, and providing for the payment of an occupation tax based on such gross receipts. No provision is made for such report and no such tax is levied on such businesses conducted in unincorporated towns.

The last paragraph of said Art. 7060 reads as follows:

"And provided further that utilities paying an occupation tax under this Article shall not hereafter be required to pay the license fee imposed in Article 5a, House Bill No. 18, Chapter 400, Acts of Forty-fourth Legislature, for the privilege of selling gas and electric appliances and parts for the repairs thereof, in towns of three thousand (3,000) or less in population according to the next preceding Federal Census. As amended Acts 1941, 47th Leg., H. B. #8, Art. V, § 1."

It will be noted that those utilities paying an occupation tax under this Article shall not be required to pay the license fee imposed in Art. 5a, H. B. No. 18, Chap. 400, Acts 44th Leg., for the privilege of selling gas and electric appliances and parts for the repair thereof, in towns of 3,000 or less population according to the last Federal Census.

Section 5, Art. 1111d, Texas Penal Code, as amended Acts 1941, 47th Leg., H. B. No. 8, Art. XIX, Sec. 1, specifically exempts those businesses now paying an occupation tax measured by gross receipts.

It is our opinion, as heretofore expressed, (Opinion No. O-2507) that said Sections 5 and 5a, Art. 1111d, Penal Code of Texas, tax different types of stores, and that Section 5a was included by the Legislature in order to subject to the Chain Store Tax certain stores not taxed under the provisions of Section 5.

It may be pointed out that since no occupation tax based on gross receipts has ever been levied or paid on stores for the privilege of selling gas and electric appliances and parts for the repair thereof in unincorporated towns, such stores have never been exempt from the payment of the tax under said Section 5.

This being true, we reach the conclusion that the provisions of Article 7060 do not in anywise affect the tax liability of such stores for the reason that they have never been subject to the payment of the Chain Store Tax under Section 5a therein referred to, but are now, and have been, since the enactment of the Act in 1935 subject to the said tax under Sec. 5.

We, therefore, hold that utilities even though paying gross receipts tax under Article 7060 should be required to pay a Chain Store Tax for the privilege of operating stores selling gas and electric appliances and parts for the repair thereof in unincorporated towns under the provisions of Sec. 5, Art. 1111d, Penal Code, as amended Acts 1941, 47th Legislature, H. B. No. 8, Art. XIX, Sec. 1.

We further hold that all stores of Corporation A located in incorporated towns of more than 3,000 population according to the next preceding Federal Census are subject to the Chain Store Tax as provided by Art. 5a, House Bill No. 18, Chapter 400, Acts of 44th Legislature, for the privilege of selling gas and electric appliances and parts for the repair thereof. The terms of said Sec. 5a specifically tax such stores and they are not within the exemption provided by Art. 7060.

Stores of this character, paying occupation tax measured by gross receipts and located in incorporated towns of 3,000 or less population according to such Census are exempt from the payment of the Chain Store Tax under the provisions of said Art. 7060. This appears to be the only exemption provided by the quoted paragraph of that Article.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Fowler Roberts
Assistant

APPROVED MAR       1942

FIRST ASSISTANT
ATTORNEY GENERAL

FR:mp